**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

LARRY TOBIAS,                    )
                                 )
    Plaintiff,               )
                                 )  No. 3:25-cv-439
v.                               )
                                 )
BLAIR COUNTY PRISON,             )
                                 )  Magistrate Judge Peter E. Ormsby
    Defendant.               )

**MEMORANDUM ORDER**

This docket was opened with the filing of a letter to Judge Pesto, stating, in part, "This letter is in regards to the Class Action Lawsuit[] against the Blair County Prison." ECF No. 1. The letter alleges various incidents occurring at the Prison. *Id.* Also of record is a document entitled "Civil Class action Proceeding Motion to Proceed[] Ag[ain]st Blair County Prison," identifying as parties Plaintiff and non-party Ben Merrits. ECF No. 3. In addition, also pending are a "Motion to Join," filed by Larry Garland, who is identified on the docket as "Movant," and two Motions for Leave to Proceed in forma pauperis (IFP), one filed by Plaintiff and one by Mr. Garland. ECF Nos. 8, 10, 12.

Plaintiff has not filed a Complaint, and it is unclear that Plaintiff intended to commence an independent lawsuit, outside of a class action. Nevertheless, in an abundance of caution, the Clerk assigned the Motion an independent docket number and accepted it for filing as a civil action.

The Court is aware of *Meyer v. Blair County Prison Officials, et al.*, W.D.Pa. Docket No. 3:25-cv-328, which the Plaintiff in that case styled as a "Class Action Lawsuit." That "class

1

action," however, was administratively closed by Order dated March 12, 2026, at ECF No. 15. Because that case was closed, there is no pending matter that can be joined at that docket number.

The Court cannot and will not speculate about either Plaintiff's or Mr. Garland's intentions. In addition, the Court expresses no opinion regarding the present or future validity of any action, whether closed or active, that they might have intended to join.

"A civil action is commenced by filing a complaint with the court." Fed. R. Civ. P. 3. In addition, Local Rule 10 provides as follows: "All *pro se* civil rights actions filed in this district by incarcerated individuals shall be submitted on the Court approved form supplied by the Clerk of Court. If the plaintiff does not use the Court approved form, the complaint must substantially follow the form." Plaintiff's submissions do not conform to these rules.

Absent a proper complaint to start a civil action, Plaintiff's pending IFP Motion will not be further considered at this time; nor will his Motion to Proceed Against Blair County Prison. A complaint in a proper form must be filed by any person, including Plaintiff and Mr. Garland, who wishes to pursue an independent lawsuit on his own behalf.  To aid in this process, any person may request a Pro Se Package from the Clerk of Court.[1]

---

[1] If Plaintiff is an inmate and a motion to proceed IFP is granted, Plaintiff will be required to pay a filing fee of $350 in installments from the inmate's account. *See* 28 U.S.C. § 1915(b); https://www.pawd.uscourts.gov/fee-schedule. As a general matter, filing fees are not refundable no matter the stage or outcome of the litigation. Further, if a motion to proceed IFP is granted, a Plaintiff wishing to proceed with a civil complaint may be required to provide copies of the complaint or copying fees, as well as service of process forms, and may be required to bear the costs of service of the complaint. The Pro Se Package (which Plaintiff may request) contains additional information on the requirements for filing a civil rights complaint.

Plaintiff's failure to submit a complaint that complies with applicable rules within ninety (90) days of the date of this Order may be construed as abandonment of the claims in this action, lead to denial of the IFP Motion, and/or lead to a recommendation to the District Judge that the case be dismissed.

As regards Mr. Garland, there is no pending action here that he can join. As discussed above, no action has commenced. Therefore, Mr. Garland's Motion to Join will be denied without prejudice. Moreover, the IFP statute applies to "[a] prisoner seeking to bring a civil action…." 28 U.S.C. § 1915(a)(1). Mr. Garland did not initiate this action; he does not seek to bring a civil action, but to join one. As a result, § 1915 is inapplicable to him. Larry Garland's IFP Motion will be denied as moot.

In addition, Plaintiff is under a continuing obligation to notify the court of any change of address during the pendency of this litigation. Failure to do so may ultimately result in dismissal of this action.

In conclusion:

1. Larry Garland's Motion to Join (ECF No. 8) is DENIED without prejudice;

2. Larry Garland's IFP Motion (ECF No. 12) is DENIED as moot;

3. Plaintiff's Motion to Proceed against Blair County (ECF No. 3) and his IFP Motion (ECF No. 10) will be held in abeyance pending Plaintiff's response to this Order or the expiration of the ninety (90) day period prescribed in this Order, whichever is earlier.

4. The Clerk is directed to mail a copy of this Order to Larry Garland, in addition to Plaintiff.

AND NOW, this 17th day of July 2026, IT IS SO ORDERED.

Peter E. Ormsby
United States Magistrate Judge